

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Sea Garden Sales Co., Inc. | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. B-03-065 |
| | § | Admiralty |
| Pesquera Bera S.A. de C.V., Carlos | § | |
| Jesus Bello Arellano, Juan Jose Ramirez | § | |
| Juarez, and Elva Patricia Ramirez | § | |
| Juarez, *in personam* | § | |
|     Defendants. | § | |
| | § | |

## MOTION AND ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

TO THE JUDGE OF THIS COURT:

Plaintiff, Sea Garden Sales Co., Inc., by and through its attorneys, having appeared and made the following recitals:

1. On April 4, 2003, the Complaint herein was filed praying that the vessel M/V Rebelde I, her engines, tackle, furniture, equipment and all other necessaries thereunto appertaining and belonging, be condemned and sold to pay Plaintiff's demands and claims and for other proper relief.

2. On April 4, 2003, the Clerk of this Court issued a Warrant of Arrest of Vessel commanding the United States Marshal, for the Southern District of Texas, to arrest and take into custody the Defendant vessel and to detain the same in his custody until further Order of the Court.

50621:1052149.1:032603

3. It is contemplated that the United States Marshal will seize the Defendant vessel forthwith. Custody by the United States Marshall requires the services of one or more keepers alone and not including charges for wharfage and the other services usually associated with safekeeping vessels similar to this vessel.

4. The Defendant vessel is currently berthed at the Port of Brownsville. Marine Service has agreed to assume the responsibility of safekeeping the said vessel and has consented to act as her custodian upon Order of this Court, all for a sum, including wharfage and routine services required for the safekeeping of the particular vessel, at a rate of $30.00 per day. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. <u>In any case, the transfer of the Defendant vessel to the substitute custodian for safekeeping will not be effected until the court approves such custodianship and all such charges have been paid by the moving party</u>.

5. Marine Service, by affidavit, states that it has adequate facilities and supervision for the proper safekeeping of the vessel and that he possesses insurance from Essox Insurance Companies and/or substance adequate to response in damages for loss or injury of the Defendant vessel or for damage sustained by third parties due to any acts, faults or negligence by said substitute custodian. Further, in said affidavit, substitute custodian accepts, in accordance with the terms of this Order, possession of the Defendant vessel, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, which is the subject of this action.

6.  Plaintiff, Sea Garden Sales Co., Inc., in consideration of the Marshal's consent to the substitution of custody, agrees to release the United States and the Marshal from any and all liability and responsibility arising out of care and custody of the Defendant vessel, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging to said vessel over to said substitute custodian. Plaintiff further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

THEREFORE, IT IS HEREBY ORDERED that the United States Marshal for the Southern District of Texas shall surrender the possession of the Defendant vessel to the substitute custodian named herein upon executing the warrant in this action and that upon such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of said vessel and held harmless from any and all claims arising whatever out of said substituted possession and safekeeping.

IT IS FURTHER ORDERED that Marine Service be, and is hereby, appointed the custodian of said vessel to retain the same in his custody for possession and safekeeping for the aforementioned compensation until further Order of the Court.

<u>IT IS FURTHER ORDERED that all Marshal's costs be paid prior to release of said vessel; and all further custodial costs will be born by Plaintiff.</u>

<u>IT IS FURTHER ORDERED that the substitute custodian must receipt for the vessel and the Marshal must attest to the date and time of release on a certified copy thereof.</u>

5

IT IS FURTHER ORDERED that Plaintiff's attorney will serve by certified mail, return receipt requested, a copy of said Order to Defendants, Pesquera Bera S.A. de C.V., Carlos Jesus Bello Arellano, Juan Jose Ramirez Juarez, and Elva Patricia Ramirez Juarez; Heriberto Jara #1026, Col. Morelos, Tampico Tamps. 89290.

United States District Court
Southern District of Texas
ENTERED
APR 14 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

SIGNED THIS _4TH_ DAY OF _APRIL_, 2003.

_____
Presiding Judge

Presented by:

_____
James H. Hunter, Jr.
Fed. Id.:   15703
TX Bar No.: 00784311
Juan Noe Garza, Jr.
Fed. Id.:   33421
TX Bar No.: 24036624
**ATTORNEYS IN CHARGE FOR PLAINTIFF, SEA GARDENS SALES CO., INC.**